## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JAMES WHITE                                                    PETITIONER
ADC #136671

v.                        CASE NO.: 5:09CV00306 BD

RAY HOBBS, Interim Director,[1]
Arkansas Department of Correction                             RESPONDENT

### MEMORANDUM OPINION AND ORDER

Petitioner James White filed this pro se petition for writ of habeas corpus (docket

entry #2) under 28 U.S.C. § 2254, alleging ineffective assistance of counsel during his

trial.  Respondent has filed a Response (#7) to the petition.  Petitioner has not replied.

For the following reasons, the petition is DENIED and DISMISSED with prejudice.

I.      **Background:**

On July 18, 2006, a Pulaski County Circuit Court jury found Petitioner guilty of

rape, fourth degree sexual assault, and knowingly exposing another person to human

immunodeficiency virus.  Petitioner was sentenced to consecutive terms of life, thirty

years, and six years in prison in the Arkansas Department of Correction (#7-2).  Petitioner

appealed, and the Arkansas Supreme Court affirmed the conviction and sentence on June

21, 2007.  *White v. State*, 370 Ark. 284, 259 S.W.3d 410 (2007).

---

[1] In the Petition (#2), Petitioner names Larry Norris as Respondent.  Under Rule 2
of the Rules Governing § 2254 Cases in United States District Courts, the proper
Respondent is the state officer who has custody of Petitioner.  That officer is currently
Ray Hobbs, Interim Director of the Arkansas Department of Correction.  Accordingly, the
Clerk is instructed to substitute Mr. Hobbs as the Respondent.

Petitioner timely filed a post-conviction petition, under Rule 37 of the Arkansas Rules of Criminal Procedure, alleging ineffective assistance of counsel (#7-5). The Pulaski County Circuit Court denied Petitioner's Rule 37 petition on December 19, 2007 (#7-6). Petitioner filed a timely notice of appeal on January 14, 2008 (#7-7).[2] Petitioner, however, failed to lodge an appellate brief with the Arkansas Supreme Court (#7-10). Instead, Petitioner filed several motions for copies and materials (#7-9). On October 2, 2008, the Arkansas Supreme Court dismissed Petitioner's appeal for failure to file a brief. *White v. State,* No. CR 08-204, 2008 WL 4483010 (Ark. Oct. 2, 2008). Petitioner moved for reconsideration of the dismissal. The Arkansas Supreme Court denied Petitioner's motion to reconsider on February 19, 2009. *White v. State*, No. CR 08-204, 2009 WL 491587 (Ark. Feb. 19, 2009).

On October 1, 2009, Petitioner filed this § 2254 petition for writ of habeas corpus alleging various instances of ineffective assistance of counsel during his jury trial (#2). In response to the petition (#7), Respondent argues that Petitioner's claims are procedurally defaulted and time-barred. Petitioner has not replied to the response.

## II.  **Procedural Default**:

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct

---

[2] Petitioner filed a second notice of appeal on January 29, 2008 (#7-8).

any constitutional errors. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citing *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir. 2006) and *Osborne v. Purkett*, 411 F.3d 911, 919 (8th Cir. 2005)).

Claims raised in a federal habeas petition that were not presented in state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991). If no cause has been shown, the prejudice element need not be addressed. *McCleskey v. Zant*, 499 U.S. 467, 502, 111 S.Ct. 1454, 1474 (1991).

In this case, Petitioner filed a direct appeal from his Pulaski County Circuit Court conviction but did not raise a claim of ineffective assistance of counsel in this appeal. Instead, Petitioner raised his ineffective assistance of counsel claims in the Rule 37 post-conviction petition he filed with the trial court.

Procedural default applies to state post-conviction proceedings just as it applies to trial and direct appeal proceedings. *Kilmartin v. Kemna*, 253 F.3d 1087, 1088 (8th Cir. 2001) (citing *Williams v. Lockhart*, 873 F.2d 1129, 1130 (8th Cir.1989)). To properly exhaust an available state post-conviction remedy, a petitioner must "use the State's

established appellate review procedures." *Armstrong v. Iowa*, 418 F.3d 924, 925-926 (8th Cir. 2005) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S.Ct. 1728 (1999)). "A claim is considered exhausted when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim." *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993) (citing *Picard v. Connor*, 404 U.S. 270, 275-278, 92 S.Ct. 509, 512-514 (1971).

The Pulaski County Circuit Court denied Petitioner's Rule 37 post-conviction petition, and Petitioner filed a timely notice of appeal.  Petitioner, however, failed to lodge a brief with the Arkansas Supreme Court (#7-10).  The Arkansas Supreme Court eventually dismissed Petitioner's appeal for failure to file a brief.  *White v. State,* No. CR 08-204, 2008 WL 4483010 (Ark. Oct. 2, 2008).  Without a brief, Petitioner never afforded the Arkansas Supreme Court a fair opportunity to rule on his ineffective assistance of counsel claims.  Consequently, Petitioner procedurally defaulted the claims he brings in the pending habeas petition.

Procedural default generally precludes federal habeas review of the defaulted claim.  *Woodford v. Ngo*, 548 U.S. 81, 92-93, 126 S.Ct. 2378, 2387 (2006).  Review of Petitioner's claims is precluded unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

A.    *Cause and Prejudice*

Cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In proceedings in which the Sixth Amendment requires legal representation, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488. A defendant is not entitled, however, to effective assistance of counsel in state post-conviction proceedings. See *Coleman*, 501 U.S. at 752. Accordingly, any post-conviction advice Petitioner received from his attorney cannot constitute cause for a procedural default. See *Armstrong*, 418 F.3d at 927 (citing *Nolan v. Armantrout*, 973 F.2d 615, 617 (8th Cir. 1992)).

A claim of ineffective assistance must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. *Beaulieu v. Minnesota*, 583 F.3d 570, 575 (8th Cir. 2009) (quoting *Taylor v. Bowersox*, 329 F.3d 963, 971 (8th Cir. 2003)). Petitioner procedurally defaulted his claims during the post-conviction proceedings, where he is not entitled to effective assistance of counsel. Accordingly, ineffective assistance of counsel cannot be cause for Petitioner's procedural default.

In this case, Petitioner has not replied to Respondent's procedural default argument. He has not provided cause for his failure to file an appellate brief. Because Petitioner has not established cause for his default, the Court will not address prejudice.

B.    *Miscarriage of Justice*

Petitioner may overcome procedural default by showing that failure to hear his

petition would result in a miscarriage of justice.  To establish a miscarriage of justice, a

petitioner must show that, based on new evidence, a constitutional violation has resulted

in the conviction of someone who is actually innocent.  *Cagel v. Norris*, 474 F.3d 1090,

1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)).

Petitioner has not come forward with any evidence of actual innocence.  Accordingly,

Petitioner failed to overcome his procedural default.

III.    **The Statute of Limitations:**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28

U.S.C. § 2244(d)(1), establishes a one-year limitations period during which a state

prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254.  The

statute provides that the limitation period begins to run from, "the date on which the

judgment became final by the conclusion of direct review or the expiration of the time

limit for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

In this case, the Arkansas Supreme Court affirmed Petitioner's conviction on June

21, 2007.  He had ninety days to seek certiorari from the Supreme Court of the United

States.  Consequently, his conviction became final on the date his time to seek certiorari

expired, September 19, 2007.  *Riddle v. Kemna*, 523 F.3d 850 (8th Cir. 2008) (*en banc*)

(conviction becomes final ninety days after it is affirmed on direct appeal by a state's

court of last resort).  Petitioner did not file this habeas petition until October 1, 2009, two

years after his conviction became final.[3]  Accordingly, Petitioner's claims are barred by

the statute of limitations unless the statute of limitations can be tolled.

A.    *Statutory Tolling*

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly

filed application for State post-conviction or other collateral review with respect to the

pertinent judgment or claim is pending shall not be counted toward any period of

limitation under this section."  If the filed application does not comply with the laws and

rules governing filings, however, it is not a "properly filed application for state post-

conviction or other collateral review," and 28 U.S.C. § 2244(d)(2)'s tolling provision

does not apply.  *Walker v. Norris*, 436 F.3d 1026, 1030 (8th Cir. 2006).

Petitioner properly filed a Rule 37 petition on August 20, 2007.[4]  This filing tolled

the limitation period under 28 U.S.C. § 2244(d)(2).  The Pulaski County Circuit Court

denied Petitioner's Rule 37 petition on December 19, 2007.  The limitation period

remained tolled until Petitioner filed a timely notice of appeal on January 14, 2008.

*Evans v. Chavis*, 546 U.S. 189, 191-192, 126 S.Ct. 846, 849 (2006).  Petitioner, however,

never filed an appellate brief with the Arkansas Supreme Court.

---

[3] Petitioner did not date his petition for writ of habeas corpus (#2).  His application
for leave to proceed *in forma pauperis* is dated September 29, 2009 (#1).  Assuming
Petitioner placed his petition in the prison mailing system on September 29, 2009, his
petition is still untimely.

[4] Petitioner filed his Rule 37 petition before the expiration of time in which to seek
certiorari from the United States Supreme Court.

Only "properly filed" applications toll the limitation period under 28 U.S.C. § 2244(d)(2).  See *Artuz v. Bennett*, 531 U.S. 4, 8-9, 121 S.Ct. 361, 364 (2000) (an application is "properly filed" when the filing is in compliance with applicable laws and rules governing filings).  The Arkansas Supreme Court dismissed Petitioner's appeal for failure to file a brief.  In Arkansas, the filing of a brief is mandatory under the rules governing appeals.  Failure to file a brief constitutes failure to comply with Article IV of the Rules of the Supreme Court of Arkansas.

While Petitioner's notice of appeal was properly filed on January 14, 2008, the appeal itself was not properly lodged.  Petitioner failed to perfect his appeal, making it subject to dismissal for failure to comply with rules governing filings.  See Ark. Sup.Ct. R. 4-5.  Accordingly, the latest possible date the limitation period began to run was January 15, 2008.

Petitioner filed the pending habeas petition on October 1, 2009, well after the one-year limitation period had expired.  Accordingly, his claims are barred by the statute of limitations unless he is entitled to equitable tolling.

B.    *Equitable Tolling*

The statute of limitations set out in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling.  *Riddle*, 523 F.3d at 857.  A petitioner seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.  *Id.* (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).

8

Equitable tolling affords an "exceedingly narrow window of relief." *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001)).  The Eighth Circuit has held that pro se status, lack of legal knowledge or legal resources, and confusion about, or miscalculations of, the limitations period are inadequate grounds to warrant equitable tolling.  See *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004).

Petitioner does not provide any reason to support equitable tolling.  Although Petitioner failed to file an appellate brief, he did file several document related motions.  The Arkansas Supreme Court found the information requested by Petitioner in those motions to be irrelevant to the appeal of his Rule 37 petition.  *White v. State,* No. CR 08-204, 2008 WL 4483010 (Ark. Oct. 2, 2008).  Even if filing the motions showed that Petitioner was diligently pursuing his rights, he failed to articulate a circumstance that prevented him from filing an appellate brief.  Accordingly, Petitioner is not entitled to equitable tolling.

## IV.   Conclusion:

Petitioner's claims are both procedurally defaulted and time-barred.  Accordingly, James White's Petition for Writ of Habeas Corpus (#2) is DISMISSED with prejudice.

IT IS SO ORDERED this 22nd day of April, 2010.

_____

UNITED STATES MAGISTRATE JUDGE

9